## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CAROL ANN HERTZOG,

         Plaintiff,

      v.

MT. CARMEL TOWNSHIP and
BRYAN POLIFKA,

         Defendants.

No. 4:23-CV-01572

(Chief Judge Brann)

## MEMORANDUM OPINION

### OCTOBER 6, 2023

## I.  BACKGROUND

Carol Ann Hertzog filed this amended 42 U.S.C. § 1983 complaint alleging that Defendants violated her rights related to her August 2022 eviction "by code officers and police without a court order or warrant or hearing or notice of appeals."[1] Hertzog further avers that, after she and her family were evicted, the home was padlocked and electricity and water were shut off.[2]

In September 2022, Hertzog was permitted, along with her family, "to retrieve as many belongings as they could, but the code and police officers threw the remaining belongings outside the home into dumpsters, including a new swing set for their children."[3] At the time of their eviction, Hertzog and her husband were both

---

[1]  Doc. 7 ¶ 7.
[2]  *Id.* ¶¶ 8-9.
[3]  *Id.* ¶ 11.

disabled, and had lived in the home for 25 years.[4] Hertzog asserts that there was no emergency that prompted their eviction;[5] rather, "[t]he only reason given was that rental property registration paperwork had not been completed."[6] As a result of her eviction, Hertzog avers that she is "and will [remain] homeless."[7]

In addition to her amended complaint, Hertzog has filed a motion for a temporary restraining order and a motion to proceed *in forma pauperis*;[8] for screening purposes, the motion to proceed *in forma pauperis* will be granted. However, the amended complaint fails to state a claim for relief and, accordingly, will be dismissed, and the motion for a temporary restraining order will be denied.

## II.    DISCUSSION

This Court has a statutory obligation to conduct a preliminary review of complaints brought by plaintiffs who proceed *in forma pauperis*.[9] This obligation extends "to all *in forma pauperis* complaints," even counseled, non-prisoner complaints.[10] Under those provisions, the Court must dismiss a complaint if it fails to state a claim upon which relief may be granted.[11] To determine whether a complaint states a plausible claim for relief, this Court must "accept all factual

---

[4]   *Id.* ¶¶ 13-14.
[5]   *Id.* ¶ 15.
[6]   *Id.* ¶ 16.
[7]   *Id.* ¶ 20.
[8]   Docs. 4, 8.
[9]   28 U.S.C. § 1915(e)(2)(B).
[10]  *Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) (citing *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 n. 19 (3d Cir. 2002)).
[11]  28 U.S.C. § 1915(e)(2)(B)(ii).

allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[12]

Hertzog raises three claims: a claim for a violation of Pennsylvania's Municipal Housing Ordinance Laws, specifically 53 Pa. Stat. § 4102; a state law claim of conversion; and a claim that her eviction constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution.[13]

Because federal question jurisdiction rests upon the alleged Fourth Amendment violation, this Court turns to that claim first. The Court concludes that the allegations, as presently constructed, are insufficient to permit the conclusion either that Hertzog's property was seized, or that such seizure was unreasonable.

"The Fourth Amendment, made applicable to the States by the Fourteenth, . . . provides in pertinent part that the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'"[14] The United States Supreme Court has explained that a seizure "occurs when there is some meaningful interference with an individual's possessory interests in that property."[15]

The Supreme Court has held that "seizures of property are subject to Fourth Amendment scrutiny even though no search within the meaning of the Amendment

---

[12]  *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).
[13]  Doc. 7 at 3-5.
[14]  *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992) (internal citation omitted).
[15]  *Id.* (internal quotation marks omitted).

has taken place."[16] As applied to evictions, the reason for the seizure is irrelevant: "the right against unreasonable seizures would be no less transgressed if the seizure of the house was undertaken to collect evidence, verify compliance with a housing regulation, effect an eviction by the police, or on a whim, for no reason at all."[17] Accordingly, where an individual is "unceremoniously dispossessed of one's home . . . [this action cannot] be viewed as anything but a seizure invoking the protection of the Fourth Amendment."[18]

Under that standard, the allegations in the amended complaint do not make clear that any seizure occurred. As an initial matter, the amended complaint only alleges that Hertzog's eviction from the property constitutes an unlawful seizure, and does not raise a Fourth Amendment claim with regard to the alleged destruction of her personal property.[19] The Court will therefore assess only the eviction itself.

As to whether the eviction constituted a seizure, it is clear that the allegations would demonstrate a seizure—if Hertzog was a lawful tenant of the property—since "[e]scorting tenants from their residences in the course of effectuating an eviction . . . satisfies the requirement of 'meaningful interference' with their leasehold interest so as to amount to a seizure of their property."[20] However, there simply are no well-

---

[16]  *Id.* at 68.

[17]  *Id.* at 69.

[18]  *Id.* at 61.

[19]  *See* Doc. 7 ¶ 31 ("The removal of Plaintiff by Defendant's agents constituted an unreasonable search and seizure under the Fourth Amendment to the United States Constitution").

[20]  *Thomas v. Cohen*, 304 F.3d 563, 572 (6th Cir. 2002).

pled allegations in the amended complaint that would permit the inference that Hertzog was a lawful occupant of the residence. The amended complaint does not allege, for example, that Hertzog had signed a lease for the residence, was paying rent, or was an owner of that building. Because the amended complaint does not demonstrate that Hertzog was in lawful possession of the residence, it similarly does not demonstrate that her property was seized, and a "Fourth Amendment claim alleging the unreasonable seizure of property necessarily fails if the plaintiff lacks a possessory interest in that property."[21]

Moreover, even if the evidence were sufficient to demonstrate that the eviction effectuated a seizure of Hertzog's property, the allegations are insufficient to establish that any such seizure was unreasonable. To violate the Fourth Amendment, a seizure must be objectively unreasonable.[22] And any such determination in turn requires a "careful balancing of governmental and private interests."[23] "Under this standard, most eviction-type seizures will not be found unconstitutional."[24]

Here, the allegations do not plausibly allege that the seizure was unreasonable. There are no facts from which the Court may infer any private interests, let alone interests sufficient to outweigh any public interests. There are no averments that would demonstrate Hertzog has any possessory interest in the property at issue here,

---

[21]  *Springer v. Hunt*, No. CV 17-00269 JMS-KSC, 2018 WL 846909, at *5 (D. Haw. Feb. 13, 2018) (citing *Brown v. United States*, 411 U.S. 223, 229 (1973)).
[22]  *Soldal,* 506 U.S. at 71.
[23]  *Id.*
[24]  *Thomas*, 304 F.3d at 574.

and therefore no allegations that would permit even the inference that she had any interest in avoiding the eviction.[25] Nor is there any evidence that the code officers and police officers who participated in Hertzog's eviction had no legal authority to support their actions or blindly ignored their lack of authority, meaning there are insufficient allegations that would support the conclusion that private interests outweigh the public interests, such that any seizure could be deemed unreasonable.[26]

Consequently, the allegations are insufficient to support a Fourth Amendment claim, and that claim will be dismissed. Because the Court will dismiss the only federal claim alleged, it will decline to exercise supplemental jurisdiction over Hertzog's state law claims.[27] The Court will therefore dismiss the amended complaint but, because it is not clear that amendment would be futile, dismissal is

---

[25]  *See Snyder v. Daugherty*, 899 F. Supp. 2d 391, 411 (W.D. Pa. 2012) ("[B]ecause the Court concludes that Ms. Snyder enjoyed no legitimate possessory interest in the apartment, she has no private interest to be balanced").

[26]  *Cf. Thomas*, 304 F.3d at 574-75 (finding allegations sufficient to support Fourth Amendment claim where police officers "blindly carried out" the wishes of a private party seeking eviction without making "any effort to determine whether Plaintiffs were indeed residents who paid rent and had a right to be on the premises" and without asking the private party "if she had any legal authority to evict Plaintiffs" despite knowing "that she did not have a court order," and after being "informed that Plaintiffs were legal residents of the house, having keys to the premises and paying rent for their individual rooms"); *Ituah v. City of Philadelphia*, No. 21-1213, 2022 WL 4464380, at *3 (3d Cir. Sept. 26, 2022) (holding that, where a "demolition was carried out by a state-court order issued after a hearing," plaintiff had "failed to allege facts that could arguably fulfill the 'laborious task' of establishing the unreasonableness of the demolition").

[27]  *See N. Sound Cap. LLC v. Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019) (noting that "In the ordinary course, 'where the claims over which the district court has original jurisdiction are dismissed before trial, the district court *must* decline to decide the pendent state claims,'" although "it need not do so where 'considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so'" (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (brackets omitted)).

without prejudice to her right to file a second amended complaint, or file this action in state court.[28] Finally, because the amended complaint will be dismissed, the Court will deny, without prejudice, Hertzog's motion for a temporary restraining order.

## III.  CONCLUSION

For the foregoing reasons, this Court will grant Hertzog's motion to proceed *in forma pauperis* but dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted, and deny her motion for a temporary restraining order.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[28]  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

7